UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:09-cr-0094** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **ARDWIN FITZGERALD PETE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a motion [doc. 233] filed by defendant Ardwin Fitzgerald Pete, requesting that his state and federal sentences be ordered to run concurrently. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Pursuant to a plea agreement, Pete was convicted in this court of one count of conspiracy to distribute narcotics (cocaine and cocaine base), a violation of 21 U.S.C. § 846. Docs. 108, 109; *see* doc. 1 (indictment). On March 3, 2010, he was sentenced by Judge Patricia Minaldi to a 150 month term of imprisonment. Docs. 143, 149. He filed a pro se motion to reduce sentence under 18 U.S.C. § 3582, based on subsequent amendments to the United States Sentencing Guidelines. Doc. 198. The court granted the motion on January 3, 2012, and reduced his term of imprisonment to 120 months. Doc. 202.

Pete has now filed the instant motion, in the form of a letter to Judge Minaldi, received by this court on January 23, 2017. Doc. 233. Here he states that he has been a model prisoner and

notes that he is also subject to a five-year state sentence, which was not mentioned in the judgments in this matter. *Id.* He requests clarification on whether his federal sentence is meant to run concurrent with the state sentence, and indicates his preference that the sentences run concurrently. *Id.*

## II.
### LAW AND ANALYSIS

To the extent that Pete's motion could be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, it is untimely. Such motions are subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). A judgment becomes final, under this section, when the period for seeking direct review of a conviction or sentence has expired. *Clay v. United States*, 123 S.Ct. 1072, 1075–76 (2003). Pete provides no basis for running the limitations period from any later date under § 2255(f). His conviction and sentence became final on March 17, 2010, the last day on which he could have filed a notice of appeal to the Fifth Circuit. *See* Fed. R. App. 4(b)(1)(A). Accordingly, the one-year limitations period began to run on March 18, 2010, and expired on March 17, 2011. The instant motion, filed nearly six years after the expiration of that period, is clearly untimely.[1]

---

[1] The limitations period for § 2255 motions is not a jurisdictional bar, and is therefore subject to equitable tolling. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). It "is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Even if Pete could allege a basis for equitable tolling, we are skeptical that he could provide any grounds covering the six year period above.

To the extent that Pete intended this motion as a request for sentencing credit/challenge to the execution of his sentence under 28 U.S.C. § 2241, this court does not have jurisdiction over such a petition. The district of incarceration has exclusive jurisdiction over a defendant's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). At the time he submitted the instant letter/motion, Pete was incarcerated in Yankton, South Dakota. *See* doc. 233, att. 1. Accordingly, if he wishes to pursue relief under 28 U.S.C. § 2241, he must do so in the United States District Court for the District of South Dakota.

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant motion be **DENIED** as time-barred to the extent it seeks relief under 28 U.S.C. § 2255 and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent that it seeks relief under 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate

of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE